Filing # 93894919 E-Filed 08/08/2019 04:37:09 PM

IN THE CIRCUIT COURT FOR THE TENTH JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, FLORIDA
CIVIL DIVISION

GUILLAUME NGALAMULUME
(As Guardian of C.N.)
And GUILLAUME NGALAMULUME

    Plaintiffs,

                                                Case No. 2019CA003226000000

vs.

*The Estate of* JAMES WAGNER, RICHARD ROWE *As An Individual*,
TIMOTHY SHEEHY *As An Individual*,
E.S.P. AVIATION, LLC. *A Foreign For Profit Corporation*
and MES Rating.

    Defendants.
_____/

## SUMMONS

THE STATE OF FLORIDA:

    YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint in this action, including Designation of E-Mail Addresses, Interrogatories, Request to Produce and Request for Admissions on the Defendant:

**Timothy Sheehy
90 Aviation lane,
Belgrade MT, 59714**

    The Defendant is hereby required to serve written defenses to said Complaint or Petition on Joseph Hovsepian Jr. of the BROOKS LAW GROUP, P.A., Plaintiffs' attorney, whose address is 123 First Street North, Winter Haven, Florida 33881, within twenty (20) days after service of this Summons on Defendant, exclusive of the date of service, and to file the original of said written defenses with the clerk of this court either before service on Plaintiffs' attorney or immediately thereafter. If Defendant fails to do so, a default will be entered against the Defendant for the relief demanded in the Complaint.

    WITNESS my hand and seal of this court on    08/09/2019



                                        STACY BUTTERFIELD
                                        As Clerk of the Court
                                     By: _____

**EXHIBIT A - TO NOTICE OF REMOVAL**

### IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case and your wages, money and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court, you must also mail or take a copy of your written response to the "Plaintiff's/Plaintiffs' Attorney" named.

### IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notifiacion. Para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesada. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado immmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff's/Plaintiffs' Attorney" (Demandante o Abogado del Demandante).

### IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes oblige de deposer votre response ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposezpas votre reponseecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, san aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une response ecrite, il vous faudra egalement, en

meme temps que cette formalite, faire parvenir ou expedier une copie de votre response ecrite au "Plaintiff's/Plaintiffs' Attorney" (Plaignant ou a son avocat) nomme ci dessous.

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Office of the Court Administrator, (863) 534-4690, within two (2) working days of your receipt of this Summons; if you are hearing or voice impaired, call TDD (863) 534-7777 or Florida Relay Service (800) 955-8770.

IN THE CIRCUIT COURT FOR THE TENTH JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, FLORIDA
CIVIL DIVISION

GUILLAUME NGALAMULUME
(As Guardian of C.N.)
And GUILLAUME NGALAMULUME
        Plaintiffs,                    Case No. _____
vs.

*The Estate of* JAMES WAGNER, RICHARD ROWE *As An Individual*,
TIMOTHY SHEEHY *As An Individual*,
E.S.P. AVIATION, LLC.  *A Foreign For Profit Corporation*
and MES Rating.
        Defendants.
_____/

## COMPLAINT

Plaintiffs, GUILLAUME NGALAMULUME as the Guardian of C.N., and GUILLAUME NGALAMULUME, for compensatory damages and alleges as follows:

1. This is an action brought pursuant to the Florida Statutes, for damages that exceed Fifteen Thousand Dollars ($15,000.00), exclusive of interest, costs, and attorneys' fees.

2. At all times relevant, Plaintiffs C.N. and Guillaume Ngalamulume were residents of Polk County, Florida.

3. The Defendants, at all times relevant were conducting business in Polk County, Florida.

4. The Court has personal jurisdiction over all of the Defendants.

5. Venue is proper in Polk County, Florida because at all times relevant the Defendants were conducting business in Polk County, Florida and the airplane crash occurred in Polk County Florida.

1

6. Upon information and belief, at all times relevant, ESP AVIATION, LLC was the registered owner and operator of a certain STOL Aircraft Corp UC-1 seaplane, bearing identification number N65NE (hereinafter referred to as the "subject seaplane").

7. Upon information and belief, at all times relevant, MES RATING was owned and operated by ESP AVIATION, INC conducting flight instruction, specifically multi-engine seaplane instruction in Polk County, Florida.

8. On or about February 23, 2019, at approximately 12:43 eastern standard time, the subject seaplane crashed into the home owned by Plaintiff, GUILLAUME NGALAMULUME.

9. Upon information and belief, TIMOTHY SHEEHY was piloting the subject seaplane with flight instructor JAMES WAGNER.

10. Upon information and belief, TIMOTHY SHEEHY, at the time of the plane crash was;

>   a. An experienced pilot with More than 800 total hours of flight experience;
>
>   b. Held a commercial pilot certificate;
>
>   c. Was single engine certified;
>
>   d. Was single engine seaplane certified; and
>
>   e. Held a flight instructor certificate.

2

11. Upon information and belief JAMES WAGNER was an experienced pilot with 15,000 total hours of flight experience, he also had an airline transport pilot certificate, and a flight instructor certificate at the time of the crash.

## NEGLIGENCE – COUNT I AGAINST DEFENDANT ESTATE OF JAMES WAGNOR AS TO PLAINTIFF C.N.

12. Plaintiff repeats and realleges paragraphs 1 through 11 and further alleges:

13. Defendant owed a duty to the Plaintiff C.N., to:

    a) Exercise reasonable care in piloting the subject seaplane;

    b) Exercise reasonable care in inspecting the subject seaplane;

    c) Exercise reasonable care in maintaining the subject seaplane;

    d) Exercise reasonable care in operating the subject seaplane;

14. Defendant breached their duty to Plaintiff C.N. by negligently:

    a) Failing to exercise reasonable care in piloting the subject seaplane;

    b) Failing to exercise reasonable care in inspecting the subject seaplane;

    c) Failing to exercise reasonable care in maintaining the subject seaplane;

    d) Failing to exercise reasonable care in operating the subject seaplane;

    e) Other acts of negligence not yet discovered.

3

15. As a direct and proximate result of one or more of the Defendant's negligence, acts and omissions, Plaintiff C.N., suffered bodily injury and resulting pain and suffering, disability disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff C.N., demands judgment against the Defendant ESTATE OF JAMES WAGNOR for compensatory damages, costs of this action, pre and post judgment interest, and such further relief as this Court deems proper.

### Presumptive Settlement Agreement

Plaintiff C.N. a minor until August 14, 2019, and Defendant ESTATE OF JAMES WAGNOR, have come to a presumptive Settlement Agreement and Request this Court to Approve said Settlement Agreement. Due to Plaintiff C.N. being a minor until August 14, 2019, and this case being a joint settlement this case cannot be settled without Court Approval until August 14, 2019.

**NEGLIGENCE – COUNT II AGAINST DEFENDANT TIMOTHY SHEEHY AS TO PLAINTIFF C.N.**

16. Plaintiff repeats and realleges paragraphs 1 through 11 and further alleges:

17. Defendant owed a duty to the Plaintiff C.N., to:

    a) Exercise reasonable care in piloting the subject seaplane;

    b) Exercise reasonable care in inspecting the subject seaplane;

4

    c)    Exercise reasonable care in maintaining the subject seaplane;

    d)    Exercise reasonable care in operating the subject seaplane;

18.    Defendant breached their duty to Plaintiff C.N. by negligently:

    a)    Failing to exercise reasonable care in piloting the subject seaplane;

    b)    Failing to exercise reasonable care in inspecting the subject seaplane;

    c)    Failing to exercise reasonable care in maintaining the subject seaplane;

    d)    Failing to exercise reasonable care in operating the subject seaplane;

    e)    Other acts of negligence not yet discovered.

19.    As a direct and proximate result of one or more of the Defendant's negligence, acts and omissions, Plaintiff C.N., suffered bodily injury and resulting pain and suffering, disability disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff C.N., demands judgment against the Defendant TIMOTHY SHEEHY for compensatory damages, costs of this action, pre and post judgment interest, and such further relief as this Court deems proper.

5

**DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial on all issues so triable as a matter of right

**NEGLIGENCE – COUNT III AGAINST DEFENDANT ESTATE OF JAMES WAGNOR AS TO PLAINTIFF GUILLAUME NGALAMULUME**

20. Plaintiff repeats and realleges paragraphs 1 through 11 and further alleges:

21. Defendant owed a duty to the Plaintiff, GUILLAUME NGALAMULUME, to:

    a) Exercise reasonable care in piloting the subject seaplane;

    b) Exercise reasonable care in inspecting the subject seaplane;

    c) Exercise reasonable care in maintaining the subject seaplane;

    d) Exercise reasonable care in operating the subject seaplane;

22. Defendant breached their duty to Plaintiff GUILLAUME NGALAMULUME by negligently:

    a) Failing to exercise reasonable care in piloting the subject seaplane;

    b) Failing to exercise reasonable care in inspecting the subject seaplane;

    c) Failing to exercise reasonable care in maintaining the subject seaplane;

    d) Failing to exercise reasonable care in operating the subject seaplane;

    e) Other acts of negligence not yet discovered.

6

23. As a direct and proximate result of one or more of the Defendant's negligence, acts and omissions, Plaintiff GUILLAUME NGALAMULUME., suffered damage to his property, and mental anguish. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff GUILLAUME NGALAMULUME, demands judgment against the Defendant ESTATE OF JAMES WAGNOR for compensatory damages, costs of this action, pre and post judgment interest, and such further relief as this Court deems proper.

### Presumptive Settlement Agreement

Plaintiff GUILLAUME NGALAMULUME, and Defendant ESTATE OF JAMES WAGNOR, have come to a presumptive Settlement Agreement and Request this Court to Approve said Settlement Agreement. Due to Plaintiff C.N. being a minor until August 14, 2019, and this case being a joint settlement this case cannot be settled without Court Approval until August 14, 2019.

### NEGLIGENCE – COUNT IV AGAINST DEFENDANT TIMOTHY SHEEHY AS TO PLAINTIFF GUILLAUME NGALAMULUME

24. Plaintiff repeats and realleges paragraphs 1 through 11 and further alleges:

25. Defendant owed a duty to the Plaintiff GUILLAUME NGALAMULUME, to:

   a) Exercise reasonable care in piloting the subject seaplane;

   b) Exercise reasonable care in inspecting the subject seaplane;

   c) Exercise reasonable care in maintaining the subject seaplane;

7

      d)      Exercise reasonable care in operating the subject seaplane;

26. Defendant breached their duty to Plaintiff GUILLAUME NGALAMULUME by negligently:

      a)      Failing to exercise reasonable care in piloting the subject seaplane;

      b)      Failing to exercise reasonable care in inspecting the subject seaplane;

      c)      Failing to exercise reasonable care in maintaining the subject seaplane;

      d)      Failing to exercise reasonable care in operating the subject seaplane;

      e)      Other acts of negligence not yet discovered.

27. As a direct and proximate result of one or more of the Defendant's negligence, acts and omissions, Plaintiff GUILLAUME NGALAMULUME., suffered damage to his property, and mental anguish. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff GUILLAUME NGALAMULUME., demands judgment against the Defendant TIMOTHY SHEEHY for compensatory damages, costs of this action, pre and post judgment interest, and such further relief as this Court deems proper.

**DEMAND FOR JURY TRIAL**

8

**EXHIBIT A - TO NOTICE OF REMOVAL**
**2019CA-003226-0000-00        Received in Polk 08/01/2019 05:12 PM**

Plaintiff demands a jury trial on all issues so triable as a matter of right

**NEGLIGENCE – COUNT V AGAINST DEFENDANT MES RATING AS TO PLAINTIFF C.N.**

28. Plaintiff repeats and realleges paragraphs 1 through 11 and further alleges:

29. Defendant owed a duty to the Plaintiff C.N., to:

   a) Exercise reasonable care in piloting the subject seaplane;

   b) Exercise reasonable care in inspecting the subject seaplane;

   c) Exercise reasonable care in maintaining the subject seaplane;

   d) Exercise reasonable care in operating the subject seaplane;

30. Defendant breached their duty to Plaintiff C.N. by negligently:

   a) Failing to exercise reasonable care in piloting the subject seaplane;

   b) Failing to exercise reasonable care in inspecting the subject seaplane;

   c) Failing to exercise reasonable care in maintaining the subject seaplane;

   d) Failing to exercise reasonable care in operating the subject seaplane;

   e) Other acts of negligence not yet discovered.

31. As a direct and proximate result of one or more of the Defendant's negligence, acts and omissions, Plaintiff C.N., suffered bodily injury and resulting pain

9

and suffering, disability disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff C.N., demands judgment against the Defendant MES RATING for compensatory damages, costs of this action, pre and post judgment interest, and such further relief as this Court deems proper.

### Presumptive Settlement Agreement

Plaintiff C.N. a minor until August 14, 2019, and Defendant MES RATING, have come to a presumptive Settlement Agreement and Request this Court to Approve said Settlement Agreement. Due to Plaintiff C.N. being a minor until August 14, 2019, and this case being a joint settlement this case cannot be settled without Court Approval until August 14, 2019.

### NEGLIGENCE – COUNT VI AGAINST DEFENDANT MES RATING AS TO PLAINTIFF GUILLAUME NGALAMULUME

32. Plaintiff repeats and realleges paragraphs 1 through 11 and further alleges:

33. Defendant owed a duty to the Plaintiff GUILLAUME NGALAMULUME , to:

    a) Exercise reasonable care in piloting the subject seaplane;

    b) Exercise reasonable care in inspecting the subject seaplane;

    c) Exercise reasonable care in maintaining the subject seaplane;

10

      d)    Exercise reasonable care in operating the subject seaplane;

34.    Defendant breached their duty to Plaintiff GUILLAUME NGALAMULUME by negligently:

      a)    Failing to exercise reasonable care in piloting the subject seaplane;

      b)    Failing to exercise reasonable care in inspecting the subject seaplane;

      c)    Failing to exercise reasonable care in maintaining the subject seaplane;

      d)    Failing to exercise reasonable care in operating the subject seaplane;

      e)    Other acts of negligence not yet discovered.

35.    As a direct and proximate result of one or more of the Defendant's negligence, acts and omissions, Plaintiff GUILLAUME NGALAMULUME., suffered damage to his property, and mental anguish. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff GUILLAUME NGALAMULUME, demands judgment against the Defendant MES RATING for compensatory damages, costs of this action, pre and post judgment interest, and such further relief as this Court deems proper.

### Presumptive Settlement Agreement

Plaintiff GUILLAUME NGALAMULUME, and Defendant MES RATING, have come to a presumptive Settlement Agreement and Request this Court to Approve said

Settlement Agreement. Due to Plaintiff C.N. being a minor until August 14, 2019, and this case being a joint settlement this case cannot be settled without Court Approval until August 14, 2019.

### NEGLIGENCE – COUNT VII AGAINST DEFENDANT ESP AVIATION, LLC.  AS TO PLAINTIFF C.N.

36. Plaintiff repeats and realleges paragraphs 1 through 11 and further alleges:

37. Defendant owed a duty to the Plaintiff C.N., to:

   a) Exercise reasonable care in piloting the subject seaplane;

   b) Exercise reasonable care in inspecting the subject seaplane;

   c) Exercise reasonable care in maintaining the subject seaplane;

   d) Exercise reasonable care in operating the subject seaplane;

38. Defendant breached their duty to Plaintiff C.N. by negligently:

   a) Failing to exercise reasonable care in piloting the subject seaplane;

   b) Failing to exercise reasonable care in inspecting the subject seaplane;

   c) Failing to exercise reasonable care in maintaining the subject seaplane;

   d) Failing to exercise reasonable care in operating the subject seaplane;

   e) Other acts of negligence not yet discovered.

EXHIBIT A - TO NOTICE OF REMOVAL
2019CA-003226-0000-00    Received in Polk 08/01/2019 05:12 PM

39. As a direct and proximate result of one or more of the Defendant's negligence, acts and omissions, Plaintiff C.N., suffered bodily injury and resulting pain and suffering, disability disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff C.N., demands judgment against the Defendant ESP AVIATION, LLC. for compensatory damages, costs of this action, pre and post judgment interest, and such further relief as this Court deems proper.

**Presumptive Settlement Agreement**

Plaintiff C.N. a minor until August 14, 2019, and Defendant ESP AVIATION, LLC., have come to a presumptive Settlement Agreement and Request this Court to Approve said Settlement Agreement. Due to Plaintiff C.N. being a minor until August 14, 2019, and this case being a joint settlement this case cannot be settled without Court Approval until August 14, 2019.

**NEGLIGENCE – COUNT VIII AGAINST DEFENDANT MES ESP AVIATION, INC. AS TO**

**PLAINTIFF GUILLAUME NGALAMULUME**

40. Plaintiff repeats and realleges paragraphs 1 through 11 and further alleges:

41. Defendant owed a duty to the Plaintiff GUILLAUME NGALAMULUME, to:

   a) Exercise reasonable care in piloting the subject seaplane;

13

    b)    Exercise reasonable care in inspecting the subject seaplane;

    c)    Exercise reasonable care in maintaining the subject seaplane;

    d)    Exercise reasonable care in operating the subject seaplane;

42. Defendant breached their duty to Plaintiff GUILLAUME NGALAMULUME by negligently:

    a)    Failing to exercise reasonable care in piloting the subject seaplane;

    b)    Failing to exercise reasonable care in inspecting the subject seaplane;

    c)    Failing to exercise reasonable care in maintaining the subject seaplane;

    d)    Failing to exercise reasonable care in operating the subject seaplane;

    e)    Other acts of negligence not yet discovered.

43. As a direct and proximate result of one or more of the Defendant's negligence, acts and omissions, Plaintiff GUILLAUME NGALAMULUME., suffered damage to his property, and mental anguish. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff GUILLAUME NGALAMULUME, demands judgment against the Defendant ESP AVIATION, LLC. for compensatory damages, costs of this action, pre and post judgment interest, and such further relief as this Court deems proper.

EXHIBIT A - TO NOTICE OF REMOVAL
2019CA-003226-0000-00        Received in Polk 08/01/2019 05:12 PM

**Presumptive Settlement Agreement**

Plaintiff GUILLAUME NGALAMULUME, and Defendant ESP AVIATION, LLC., have come to a presumptive Settlement Agreement and Request this Court to Approve said Settlement Agreement. Due to Plaintiff C.N. being a minor until August 14, 2019, and this case being a joint settlement this case cannot be settled without Court Approval until August 14, 2019.

Dated: August 1st, 2019.

/e/ Joseph J. Hovsepian

Respectfully submitted,
*Counsel for the Plaintiffs*
Joseph J. Hovsepian, Senior, Esquire
Brooks Law Group, P.A.
123 First Street North
Winter Haven, Florida 33881
Telephone:	863-299-1962
Facsimile:	863-299-8890