**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

GUILLAUME NGALAMULUME
and GUILLAUME NGALAMULUME, A/G/O
C.N.,

                           Plaintiffs,

     vs.

TIMOTHY SHEEHY,

                         Defendant.

_____/

Case No.: 8:19-CV-2443-T-60AEP

CIVIL ACTION

## ANSWER TO COMPLAINT

Defendant, TIMOTHY SHEEHY, by his attorneys, KMA ZUCKERT, LLC, as and for his Answer to the Complaint herein alleges, upon information and belief, as follows:

1.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph "1" of the Complaint.

2.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph "2" of the Complaint.

3.      Defendant denies the allegations asserted in Paragraph "3" of the Complaint.

4.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph "4" of the Complaint.

5.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph "5" of the Complaint, except admits that the crash which is the subject of the Complaint occurred in Winter Haven, Polk County, Florida.

6.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph "6" of the Complaint.

7.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph "7" of the Complaint.

8.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph "8" of the Complaint, except admits that the STOL Aircraft Corp UC-1 amphibious airplane bearing FAA registration number: N65NE crashed into a residential home in Winter Haven, Florida on February 23, 2019, at approximately 12:43 Eastern Standard Time.

9.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph "9".

10.     (a) Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph "10a." of the Complaint, except admits he had more than 800 total hours of flight experience at the time of the accident.

(b) Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph "10b." of the Complaint, except admits he holds a commercial pilot certification with ratings for airplane single engine land, airplane single engine sea.

(c) Defendant admits the allegations asserted in Paragraph "10c." of the Complaint.

(d) Defendant admits the allegations asserted in Paragraph "10d." of the Complaint.

(e)  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph "10e." of the Complaint, except admits he holds a flight instructor certification with a rating for single engine aircraft that is valid only when accompanied by a pilot certificate number.

11.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph "11" of the Complaint, except admits that James Wagner was a flight instructor and held a flight instructor certification with ratings for the subject aircraft.

### AS AND FOR THE ALLEGED NEGLIGENCE – COUNT I
### AGAINST DEFENDANT ESTATE OF JAMES WAGNER AS TO PLAINTIFF C.N.

12.    Defendant repeats, reiterates and realleges each and every denial asserted in his Answer to Paragraphs "1" through and including "11" of the Complaint with the same force and effect as if set forth at length herein.

13.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraphs "13a." through and including "13d." of the Complaint.

14.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraphs "14a." through and including "14e." of the Complaint.

15.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph "15" of the Complaint.

### AS AND FOR THE ALLEGED PRESUMPTIVE SETTLEMENT AGREEMENT

Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in the Paragraph Entitled "Presumptive Settlement Agreement" following

Count I of the Complaint, except admits that Plaintiff C.N. executed a Release Agreement releasing, acquitting and forever discharging Defendant James Wagner from, *inter alia*, all claims arising out of the subject accident, and Defendant respectfully refers the Court to the provisions of the entire executed Release Agreement.

**AS AND FOR THE ALLEGED NEGLIGENCE – COUNT II**
**<u>AGAINST TIMOTHY SHEEHY AS TO PLAINTIFF C.N.</u>**

16.     Defendant repeats, reiterates and realleges each and every denial asserted in his Answer to Paragraphs "1" through and including "15" of the Complaint with the same force and effect as if set forth at length herein.

17.     Defendant denies the allegations asserted in Paragraphs "17(a)" through and including "17(d)" of the Complaint, and respectfully refers all legal questions to the Court for determination.

18.     Defendant denies the allegations asserted in Paragraphs "18(a)" through and including "18(e)" of the Complaint, and respectfully refers all legal questions to the Court for determination.

19.     Defendant denies the allegations asserted in Paragraph "19" of the Complaint, and respectfully refers all legal questions to the Court for determination.

**AS AND FOR THE ALLEGED NEGLIGENCE – COUNT III**
**AGAINST DEFENDANT ESTATE OF JAMES WAGNOR**
**<u>AS TO PLAINTIFF GUILLAUME NGALAMULUME</u>**

20.     Defendant repeats, reiterates and realleges each and every denial asserted in his Answer to Paragraphs "1" through and including "19" of the Complaint with the same force and effect as if set forth at length herein.

21.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraphs "21(a)" through and including "21(d) of the Complaint.

22.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph "22(a)" through and including "22(e)" of the Complaint.

23.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph "23" of the Complaint.

**AS AND FOR THE ALLEGED PRESUMPTIVE SETTLEMENT AGREEMENT**

Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in the Paragraph Entitled "Presumptive Settlement Agreement" following Count III of the Complaint, except admits that Plaintiff Guillaume Ngalamulume executed a Release Agreement releasing, acquitting and forever discharging Defendant Estate of James Wagner from, *inter alia*, all claims arising out of the subject accident, and Defendant respectfully refers the Court to the provisions of the entire executed Release Agreement.

**AS AND FOR THE ALLEGED NEGLIGENCE – COUNT IV**
**AGAINST DEFENDANT TIMOTHY SHEEHY**
**AS TO PLAINTIFF GUILLAUME NGALAMULUME**

24.    Defendant repeats, reiterates and realleges each and every denial asserted in his Answer to Paragraphs "1" through and including "23" of the Complaint with the same force and effect as if set forth at length herein.

25.    Defendant denies allegations asserted in Paragraphs "25(a)" through and including "25d" of the Complaint, and respectfully refers all legal questions to the Court for determination.

26.     Defendant denies the allegations asserted in Paragraphs "26(a)" through and including "26(e)" of the Complaint, and respectfully refers all legal questions to the Court for determination.

27.     Defendant denies the allegations asserted in Paragraph "27" of the Complaint, and respectfully refers all legal question to the Court for determination.

### AS AND FOR THE ALLEGED NEGLIGENCE – COUNT V
### AGAINST MES RATING AS TO PLAINTIFF C.N.

28.     Defendant repeats, reiterates and realleges each and every denial asserted in his Answer to Paragraphs "1" through and including "27" of the Complaint with the same force and effect as if set forth at length herein.

29.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraphs "29(a)" through and including "29(d) of the Complaint.

30.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph "30(a)" through and including "30(e)" of the Complaint.

31.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph "31" of the Complaint.

### AS AND FOR THE ALLEGED PRESUMPTIVE SETTLEMENT AGREEMENT

Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in the Paragraph Entitled "Presumptive Settlement Agreement" following Count V of the Complaint, except admits that Plaintiff C.N. executed a Release Agreement releasing, acquitting and forever discharging Defendant MES RATING from, *inter alia*, all

claims arising out of the subject accident, and Defendant respectfully refers the Court to the provisions of the entire executed Release Agreement.

<strong>AS AND FOR THE ALLEGED NEGLIGENCE – COUNT VI AGAINST
<u>DEFENDANT MES RATING AS TO PLAINTIFF GUILLAUME NGALAMULUME</u></strong>

32.     Defendant repeats, reiterates, and realleges each and every denial asserted in his Answer to Paragraphs "1" through and including "31" of the Complaint with the same force and effect as if set forth at length herein.

33.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraphs "33(a)" through and including "33(d) of the Complaint.

34.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph "34(a)" through and including "34(e)" of the Complaint.

35.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph "35" of the Complaint.

<strong><u>AS AND FOR THE ALLEGED PRESUMPTIVE SETTLEMENT AGREEMENT</u></strong>

Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in the Paragraph Entitled "Presumptive Settlement Agreement" following Count VI of the Complaint, except admits that Plaintiff Guillaume Ngalamulume executed a Release Agreement releasing, acquitting and forever discharging Defendant MES RATING from, *inter alia*, all claims arising out of the subject accident, and Defendant respectfully refers the Court to the provisions of the entire executed Release Agreement.

<strong>AS AND FOR THE ALLEGED NEGLIGENCE – COUNT VII AGAINST
<u>DEFENDANT ESP AVIATION, LLC AS TO PLAINTIFF C.N.</u></strong>

36.     Defendant repeats, reiterates and realleges each and every denial asserted in its Answer to Paragraphs "1 through and including "35" of the Complaint with the same force and effect as if set forth at length herein.

37.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraphs "37(a)" through and including "37(d) of the Complaint.

38.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph "38(a)" through and including "38(e)" of the Complaint.

39.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph "39" of the Complaint.

## AS AND FOR THE ALLEGED PRESUMPTIVE SETTLEMENT AGREEMENT

Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in the Paragraph Entitled "Presumptive Settlement Agreement" following Count VII of the Complaint, except admits that Plaintiff C.N. executed a Release Agreement releasing, acquitting and forever discharging Defendant ESP AVIATION, LLC from, *inter alia*, all claims arising out of the subject accident, and Defendant respectfully refers the Court to the provisions of the entire executed Release Agreement.

## AS AND FOR THE ALLEGED NEGLIGENCE – COUNT VIII AGAINST
## ESP AVIATION, INC. AS TO PLAINTFF GUILLAUME NGALAMULUME

40.     Defendant repeats, reiterates and realleges each and every denial asserted in his Answer to Paragraphs "1" through and including "39" of the Complaint with the same force and effect as if set forth at length herein.

41.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraphs "41(a)" through and including "41(d) of the Complaint.

42.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph "42(a)" through and including "42(e)" of the Complaint.

43.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph "43" of the Complaint.

## AS AND FOR THE ALLEGED PRESUMPTIVE SETTLEMENT AGREEMENT

Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in the Paragraph Entitled "Presumptive Settlement Agreement" following Count VIII of the Complaint, except admits that Plaintiff Guillaume Ngalamulume executed a Release Agreement releasing, acquitting and forever discharging Defendant ESP Aviation from, *inter alia*, all claims arising out of the subject accident, and Defendant respectfully refers the Court to the provisions of the entire executed Release Agreement.


## AFFIRMATIVE DEFENSES

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim against Defendant, Timothy Sheehy, upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

At the time of the subject accident, Defendant, Timothy Sheehy, was a student pilot receiving flight instruction and training from James Wagner—the certified flight instruction and

pilot-in-command of the subject aircraft—in connection with obtaining a multi-engine sea rating, a type rating Defendant, Timothy Sheehy, did not yet hold.  Therefore, Defendant, Timothy Sheehy, was not the pilot in command as defined under 14 C.F.R. § 1.1 and, pursuant to 14 C.F.R. § 91.3, did not have responsibility or authority as to the operation of the subject aircraft at the time of the subject accident.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

To the extent Plaintiffs claim to have suffered any injuries and/or damages as a result of the alleged incident forming the basis of the Complaint, Plaintiffs failed to mitigate their respective damages and, as such, if Plaintiffs are entitled to any relief against Defendant, which Defendant specifically and expressly denies, Plaintiffs are barred in whole or in part from recovery.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

As a further and separate Affirmative Defense, to the extent any payments are made to Plaintiffs or made on Plaintiffs' behalf pursuant to: The United States Social Security Act; any federal, state, or local income disability act; or any other public programs providing medical expenses, disability payments, or other similar benefits, except those prohibited by federal law and those expressly excluded by law as collateral sources; any health, sickness, or income disability insurance; automobile accident insurance that provides health benefits or income disability coverage; and any other similar insurance benefits; any contract or agreement of any group, organization, partnership, or corporation to provide, pay for, or reimburse the costs of hospital, medical, dental, or other health care services; and/or any contractual or voluntary wage continuation plan provided by employers or by any other system intended to provide wages during a period of disability for the claims asserted by Plaintiff herein, then, pursuant to the

provisions of Florida Statute § 768.76, the amount of damages awarded to the Plaintiffs shall be reduced by the total amount of said collateral sources of indemnity or benefit which are available to the Plaintiff.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

As a further and separate Affirmative Defense, Defendant affirmatively alleges that the provisions of Florida Statute § 768.81(3) and (5)(a) apply to the claims made against Defendant in the Complaint.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

As a further and separate Affirmative Defense, Defendant affirmatively alleges that the provisions of Florida Statute § 768.81(3) apply to the claims made against Defendant in the Complaint.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

As a further and separate Affirmative Defense, Defendant states that, if Plaintiffs were injured or damaged as alleged in the Complaint, such injuries and damages were caused in whole or in part by: (a) the pilot-in-command and certified flight instructor of the subject flight, James Wagner, (b) owner of ESP Aviation, LLC, Richard Rowe; (c) the registered owner and operator of the subject aircraft and flight school, ESP Aviation, LLC; and/or (d) MES Rating.  James Wagner, as the pilot-in-command and certified flight instructor holding, *inter alia*, a flight instructor certificate with ratings for the subject multi-engine aircraft, was directly responsible for and was the final authority as to the operation of the subject aircraft pursuant to 14 C.F.R. § 91.3; and, thus, owed a duty to exercise such care in the operation of the subject aircraft and flight instruction of Defendant, Timothy Sheehy, as the exigency of the circumstances reasonably required.  James Wagner's breach of his duty and negligence include, *inter alia*, (a)

failure to properly operate the subject aircraft; (b) failure to properly instruct Defendant, Timothy Sheehy; (c) failure to utilize industry-standard methods in the operation of the subject aircraft flight instruction; (d) failure to utilize industry-standard methods in flight instruction; (e) violations of Federal Aviation Regulations, including, but not limited to: 14 C.F.R. § 91.3 and 14 C.F.R. § 91.13; (f) failure to properly launch and implement the procedure and maneuver—a "departure stall"—for which James Wagner was providing Defendant, Timothy Sheehy, flight instruction at the time of the subject accident; all of which, individually or collectively, were a proximate and/or intervening cause of the damages and/or injuries sustained to Plaintiffs. Richard Rowe and ESP Aviation, LLC, as the registered owner and operator of the subject aircraft and flight school are vicariously liable for the negligent acts and omissions of their employee, James Wagner and negligently retained and hired James Wagner to operate the subject aircraft as the pilot-in-command and as a certified flight instructor. James Wagner, Richard Rowe, ESP Aviation, LLC and MES Rating are, therefore, liable and shall be included on the verdict sheet in order for their respective percentages of fault to be apportioned in accordance with Florida Statutes § 768.81 and under the authority of *Fabre v. Marin*, 623 So.2d 1182 (Fla. 1993); *Allied-Signal, Inc. v. Fox*, 623 So.2d 1180 (Fla. 1993); and *Nash v. Wells Fargo Guard Services, Inc*., 678 So.2d 1262 (Fla. 1996).

## <u>AS AND FOR A NINTH AFFIRMATIVE DEFENSE</u>

Plaintiffs' state law causes of action are barred and/or preempted by federal law, including the Federal Aviation Act, and/or applicable statutes and regulations.

**WHEREFORE**, Defendant Timothy Sheehy demands Judgment dismissing Plaintiffs' Complaint in its entirety with prejudice, together with costs and disbursements of this action, and such other and further relief in favor of Timothy Sheehy as the Court deems just and proper.

Dated:  October 9, 2019

KMA ZUCKERT LLC

*/s/ Nicholas E. Pantelopoulos*

_____

By: Nicholas E. Pantelopoulos (FBN 103751)
355 Alhambra Circle, Suite 1201
Coral Gables, Florida 33134
Telephone: (305) 506-2052
Facsimile:  (305) 675-7606
Email: nep@kmazuckert.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 9, 2019, the foregoing document was electronically filed with the clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on Plaintiffs' counsel, Joseph J. Hovsepian, Esq., at: joe@brookslawgroup.com of Brooks Law Group P.A., 123 First Street North, Winter Haven, FL 33881, counsel for Plaintiffs, either via e-mail, transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Nicholas E. Pantelopoulos*

By: _____
Nicholas E. Pantelopoulos

13
